UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-23463-CIV-WILLIAMS

JAMES WOLFE, *et al*

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiffs' motion to lift the stay and dismiss the case (DE 25), to which Defendant filed a response in opposition (DE 31), and Plaintiffs a reply (DE 32). For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

### I.    BACKGROUND

Plaintiffs are individuals who bought tickets for Carnival cruises between 2015 and 2018. At the time of their booking, Plaintiffs also purchased Carnival's Vacation Protection Package ("VPP"), which included (1) the Cancellation Fee Waiver Program provided by Carnival, (2) Travel Insurance, which is underwritten by a third party insurer and (3) 24/7 Worldwide Travel Assistance, which is also provided by a third party.

In their Complaint, Plaintiffs allege that Carnival receives undisclosed kickbacks to market and sell travel insurance, which are ultimately passed on to the consumer in the form of inflated premiums for the travel insurance product. Plaintiffs allege that Carnival conceals these kickbacks by bundling the travel insurance products with its Cancellation Fee Waiver Program for a single price. Accordingly, Plaintiffs filed their Complaint against Defendant asserting claims under the Florida Deceptive and Unfair Trade Practices Act

("FDUPTA") and the New Jersey Consumer Fraud Act ("NJCRA"). (DE 1). Defendants responded to the Complaint by filing a motion to compel arbitration. (DE 13).

On January 3, 2019, the Court entered an Order compelling arbitration and staying proceedings in this matter. (DE 24). Because the arbitration agreement forecloses class arbitration, Plaintiffs filed a motion arguing that there will not be an arbitration and ask the Court to dismiss the case in order to be able to appeal it. (DE 25).

## II.  LEGAL ANALYSIS

Pursuant to section 3 of the Federal Arbitration Act, if a district court is satisfied that an issue involved in the lawsuit is referable to arbitration, the court shall, on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C.A. § 3. However, when all of the issues in the matter are subject to arbitration, the district court has discretion to dismiss a case, as opposed to merely staying it. *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317 (11th Cir. 2005); *Senior Servs. of Palm Beach LLC v. ABCSP Inc.*, 12–80226–CIV, 2012 WL 2054971 (S.D. Fla. Jun.7, 2012) (dismissing the case rather than staying it because all claims in the action were subject to arbitration). Pursuant to section 16 of the Act, the parties may not appeal an interlocutory order compelling arbitration but may appeal "a final decision with respect to an arbitration." 9 U.S.C. § 16(b)(3); 16(a)(3).

Here, Plaintiffs argue that there is no reason for the Court to maintain the stay because there is no scenario under which this case will conclude in arbitration.[1] Indeed, Plaintiffs stipulate that they will never bring these claims before an arbitrator. Therefore,

---

[1] Presumably, this is so because the arbitration agreement bars class-wide claims. (*See* DE 25 at 9) ("Individual arbitration … would never work …the damages of each individual Plaintiff will be dwarfed by the $575 arbitration fee alone.")

- 2 -

by staying the case, Plaintiffs are deprived from appealing the Order.  Further, Plaintiffs claim that lifting the stay is in the public interest because it will allow the Eleventh Circuit to clarify the proper test for determining whether a claim falls within the scope of a broad arbitration provision, which is unsettled in this Circuit.

The Court agrees.  A stay in this case is unnecessary because the claims will not be pursued in arbitration.  Further, the Eleventh Circuit has acknowledged that "[t]he case law yields no clear answer to the question of how broadly to construe an arbitration clause." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008).  In *Downer v. Royal Caribbean Cruises, Ltd.*, No. 11-21948-CIV, 2013 WL 2296300, at *3 (S.D. Fla. May 24, 2013) the Court was faced with a similar situation.  There, the Court granted a motion to compel arbitration and stay the case.  However, upon learning that the Eleventh Circuit had dismissed the appeal for lack of jurisdiction and acknowledging that "the issue of the public policy defense under article 2 the Federal Arbitration Act" was unsettled, the Court lifted the stay and dismissed the case. *Id.*

Finally, the Court notes that Plaintiff's notice of appeal "does not divest this Court of jurisdiction or stop the progress of this case because [Plaintiffs] [have] appealed a non-appealable order." *Mosseri v. Am. Red Cross*, No. 06-60192-CIV, 2006 WL 8432559, at *1 (S.D. Fla. June 21, 2006) (citing *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982). Accordingly, the Court finds that lifting the stay and dismissing the case is appropriate.

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Lift the Stay and Dismiss the Case (DE 25) is **GRANTED**. The stay is **LIFTED** and Plaintiffs' claims against Defendant are **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in chambers in Miami, Florida, this 29 day of March, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE